IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ANDRE DARNELL JONES,            )
                                )
       Plaintiff,               )
                                )
v.                              )       CASE NO. 2:21-cv-555-JTA
                                )            (WO)
KILOLO KIJAKAZI,                )
Acting Commissioner of Social Security,  )
                                )
       Defendant.               )

## MEMORANDUM OPINION AND ORDER

Pursuant to 42 U.S.C. § 405(g), the claimant, Andre Darnell Jones ("Jones") brings this action to review a final decision by the Commissioner of Social Security ("Commissioner"). (Doc. No. 1.)[1] The Commissioner denied Jones's claim for a period of disability and Disability Insurance Benefits ("DIB"). (R. 41.) The Court construes Jones's brief in support of his Complaint (Doc. No. 14) as a motion for summary judgment and the Commissioner's brief in opposition to the Complaint as a motion for summary judgment (Doc. No. 15). The parties have consented to the exercise of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c).

After careful scrutiny of the record and the motions submitted by the parties, the Court finds that Jones's motion for summary judgment is due to be DENIED, the

---

[1] Document numbers as they appear on the docket sheet are designated as "Doc. No."

Commissioner's motion for summary judgment is due to be GRANTED, and the decision of the Commissioner is due to be AFFIRMED.

## I.      PROCEDURAL HISTORY AND FACTS

Jones was 49 years old at the time of the administrative hearing held on November 5, 2020. (R. 24, 72.)[2] He obtained his GED and previously worked as a forklift operator. (R. 28.) Jones alleged a disability onset of January 1, 2018, due to chest, back, and hip pain, forgetfulness, and hand and feet blisters and infections. (R. 24, 72-73, 209.)

On October 15, 2019, Jones protectively filed a Title II application for a period of disability and DIB under Title II (42 U.S.C. §§ 401, *et seq*.). (R. 24.) This application was denied, and Jones requested an administrative hearing. (R. 24.) Following the administrative hearing, the Administrative Law Judge ("ALJ") returned an unfavorable decision on December 18, 2020. (R. 24-41.) Jones sought review by the Appeals Council, and it denied his request. (R. 1-7.) Thus, the hearing decision became the final decision of the Commissioner.[3]

On February 7, 2022, Jones filed this civil action for judicial review  of the Commissioner's final decision. (Doc. No. 1.) The parties have briefed their respective positions. (Docs. No. 14, 15, 20.) This matter is ripe for review.

---

[2] Citations to the administrative record are consistent with the transcript of administrative proceedings filed in this case. (*See* Doc. No. 16.)

[3] "When, as in this case, the ALJ denies benefits and the [Appeals Council] denies review, [the court] review[s] the ALJ's decision as the Commissioner's final decision." *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001) (citation omitted).

## II.   STANDARD OF REVIEW

Judicial review of disability claims is limited to whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Dyer v. Barnhart,* 395 F.3d 1206, 1210 (11th Cir. 2005). "The Commissioner's factual findings are conclusive" when "supported by substantial evidence." *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). "Substantial evidence" is more than a mere scintilla and is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1346, 1349 (11th Cir. 1997)). Even if the Commissioner's decision is not supported by a preponderance of the evidence, the findings must be affirmed if they are supported by substantial evidence. *Id.* at 1158-59; *see also Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The court may not find new facts, reweigh evidence, or substitute its own judgment for that of the Commissioner. *Bailey v. Soc. Sec. Admin., Comm'r*, 791 F. App'x 136, 139 (11th Cir. 2019); *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004); *Dyer*, 395 F.3d at 1210. However, the Commissioner's conclusions of law are not entitled to the same deference as findings of fact and are reviewed *de novo*. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007).

Sentence four of 42 U.S.C. § 405(g) authorizes the district court to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The district court may remand a case to the Commissioner

for a rehearing if the court finds "either . . . the decision is not supported by substantial evidence, or . . . the Commissioner or the ALJ incorrectly applied the law relevant to the disability claim." *Jackson v. Chater*, 99 F.3d 1086, 1092 (11th Cir. 1996).

## III.    STANDARD FOR DETERMINING DISABILITY

An individual who files an application for Social Security DIB must prove that he is disabled. *See* 20 C.F.R. § 404.1505. The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a).

Disability under the Act is determined under a five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520. The evaluation is made at the hearing conducted by an administrative law judge ("ALJ"). *See Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018). First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b). "Substantial gainful activity" is work activity that involves significant physical or mental activities. 20 C.F.R. § 404.1572(a). If the ALJ finds that the claimant is engaged in substantial gainful activity, the claimant cannot claim disability. 20 C.F.R. § 404.1520(b). Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of impairments that significantly limit the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). Absent such impairment, the claimant may not claim disability. *Id.* Third, the ALJ must determine whether the claimant meets or medically

equals the criteria of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. If such criteria are met, then the claimant is declared disabled. 20 C.F.R. § 404.1520(d).

If the claimant has failed to establish that he is disabled at the third step, the ALJ may still find disability under the next two steps of the analysis. At the fourth step, the ALJ must determine the claimant's residual functional capacity ("RFC"), which refers to the claimant's ability to work despite his impairments. 20 C.F.R. § 404.1520(e). The ALJ must determine whether the claimant has the RFC to perform past relevant work. 20 C.F.R. § 404.1520(f). If it is determined that the claimant is capable of performing past relevant work, then the claimant is not disabled. 20 C.F.R. § 404.1560(b)(3). If the ALJ finds that the claimant is unable to perform past relevant work, then the analysis proceeds to the fifth and final step. 20 C.F.R. § 404.1520(g)(1). In this final analytical step, the ALJ must decide whether the claimant is able to perform any other relevant work corresponding with his RFC, age, education, and work experience. 20 C.F.R. § 404.1560(c). Here, the burden of proof shifts from the claimant to the ALJ in proving the existence of a significant number of jobs in the national economy that the claimant can perform given his RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 404.1560(c).

## IV.   ADMINISTRATIVE DECISION

Within the structure of the sequential evaluation process, the ALJ in this case found that Jones met the insured status requirements of the Social Security Act through September 30, 2021 but had not engaged in substantial gainful activity since the alleged onset date. (R. 26.) The ALJ determined that Jones suffers from the following severe impairments that significantly limit his ability to perform basic work activities:

degenerative disc disease, status post-surgery discectomy, psoriasis, hypertension, spondyloarthritis/costochondritis, and obesity. (R. 26.) The ALJ made no findings of non-severe impairments.

The ALJ concluded that Jones's physical impairments do not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 26.) The ALJ explained that the record did not show that Jones satisfied the criteria for any impairment under Listing 1.04 (Spine Disorders), Listing 8.04 (Chronic Skin or Mucous Membrane Infections), and Listing 8.05 (Dermatitis). (R. 27.) The ALJ addressed Jones's chronic low back pain as to Listing 1.04, stating:

> Diagnostic imaging has revealed degenerative changes in [Jones's] spine, more specifically a broad disc bulge at the L5-S1 level with facet hypertrophy and moderate to severe narrowing of the neural foramina… Despite these changes, physical examinations have generally shown [Jones] to have normal strength and tone, intact deep tendon reflexes, intact sensory, and normal gait. [Jones] has been able to ambulate effectively without a hand-held assistive device.

(R. 27.)

The ALJ subsequently addressed Jones's pustular psoriasis on his hands and feet in relation to Listings 8.04 and 8.05, stating:

> [T]he record shows that [Jones] has pustular psoriasis on his hands and feet. However, he has not had "extensive skin lesions" as defined under Section 8.00C1.[4] Physical examinations have shown [Jones] to have full range of

---

[4] "Extensive skin lesions are those that involve multiple body sites or critical body areas, and result in a very serious limitation. Examples of extensive skin lesions that result in a very serious limitation include but are not limited to: (a) Skin lesions that interfere with the motion of your joints and that very seriously limit your use of more than one extremity; that is, two upper extremities, two lower extremities, or one upper and one lower extremity; (b) Skin lesions on the palms of both hands that very seriously limit your ability to do fine and gross motor movements; (c) Skin lesions on the soles of both feet, the perineum, or both inguinal areas that very seriously limit your ability to ambulate." 20 C.F.R. § 404, Subpt. P, App. 1.

motion of his joints, normal coordination of fine manipulation of the hands, and normal gait without the use of a hand-held assistive device. [Jones] has been able to prepare a simple meal (i.e., sandwich), fold clothes twice a week for 45 [sic] minutes, and drive a car.

(R. 27.)

After consideration of the entire record, the ALJ determined Jones retains the RFC to perform less than a full range of sedentary work as defined in 20 C.F.R. § 404.1567(a).[5]

He can lift 10 pounds occasionally and less than 10 pounds frequently. He can sit 6 hours in an 8-hour workday. He can stand for 2 hours in an 8-hour workday. He can walk for 2 hours in an 8-hour workday. He can occasionally use foot controls. He can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. He can never climb ladders, ropes of [sic] scaffolds. He can occasionally work in environments of humidity and wetness, dust, odors, fumes, and pulmonary irritants, extreme cold, extreme heat and vibration. He should never work at unprotected heights or around dangerous mechanical parts. He will be absent from work 1 day per month.

(R. 27.) In assigning this RFC, the ALJ found Jones's statements about the intensity, persistence, and limiting effects of his symptoms could reasonably be expected to cause the alleged symptoms, however, the statements are not entirely consistent with the medical evidence and other evidence in the record. (R. 29.)

In support of the RFC finding, the ALJ thoroughly summarized medical records showing that prior to the onset date through his last clinical visit on October 9, 2020, Jones had presented to various medical facilities complaining of back and hip pain. Physicians at these facilities noted Jones was able to lift weights, had no prior history of trauma or back

---

[5] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a).

pain, and observed Jones to be pleasant, smiling, and in no apparent distress. Jones was treated for his back pain with various medications including Flexeril, Toradol, and steroid injections. The ALJ noted that Jones underwent surgery for his back pain with no complications, and recent medical notes provide generally unremarkable findings. (R. 29-33.) As to psoriasis, the ALJ noted Jones was seen and treated from December 2018 through June 2020 for a skin rash which, most recently, lasted a few days. Physicians observed Jones to have an almost pustular rash. (R. 34.) The ALJ further noted that medical examinations in 2018 and 2019 showed Jones to have normal gait, normal strength in his upper extremities, and no joint tenderness. (R. 34.) As to hypertension, Jones's blood pressure was well controlled with medication. (R. 34.)

The ALJ found the RFC opinion by Dr. Krishna Reddy ("Dr. Reddy") to be partially persuasive. Dr. Reddy noted Jones can lift 20 pounds occasionally and 10 pounds frequently, but the ALJ found Dr. Reddy did not adequately consider Jones's back, chest, hands, and feet pain. The ALJ thus limited Jones's exertion to lifting no more than 10 pounds occasionally, in order to fully address any limitations attributable to Jones's impairments. (R. 38.) The ALJ further found Jones's psoriasis on his hands required no manipulative limitations because Jones's dermatologist, Dr. Mark D. Herron ("Dr. Herron"), found that Jones retains normal coordination and fine motor skills of his hands. (R. 39.)

Considering Jones's past relevant work as a forklift operator, which required him to lift 20-25 pounds, the ALJ determined that Jones is unable to perform any past relevant work due to his restricted lifting abilities and frequency. (R. 39.) The ALJ reviewed the

testimony from a vocational expert ("VE") and found it to be consistent with the information contained in the Dictionary of Occupational Titles. (R. 40.) Thus, the ALJ determined Jones would be able to perform jobs, such as assembler of small products, circuit board assembler, and order clerk, which are sedentary and unskilled and available in significant numbers in the national economy. (R. 40-41.) Based on the foregoing, the ALJ determined that Jones had not been disabled from the alleged onset date through the date of the hearing decision. (R. 41.) The ALJ concluded that Jones is not disabled under sections 216(i) and 223(d) of the Social Security Act. (R. 41.)

## V.   DISCUSSION

On appeal, Jones presents two arguments. First, he argues the ALJ's RFC finding is not supported by substantial evidence. (Doc. No. 14 at 8-12.) Second, he argues the ALJ erred as a matter of law by finding his subjective pain testimony not supported by the evidence in the record. (*Id*. at 12-15.)

The Court addresses each argument below.

A.   The ALJ's RFC is properly based on substantial evidence.

Jones contends the RFC is not based on substantial evidence because the ALJ failed to consider his limitations as they relate to the psoriasis on his hands. (Doc. No. 14 at 9-12.) The basis of Jones's argument is that the ALJ, having determined his psoriasis to be a severe impairment, has limited Jones's RFC with regard to his feet, but not with regard to his hands, both of which are affected by psoriasis. Jones seeks remand so that the ALJ may clarify Jones's RFC with respect to his hands.

The regulations define medical opinions as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2). "The ALJ is required to consider the opinions of non-examining state agency medical and psychological consultants because they 'are highly qualified physicians and psychologists, who are also experts in Social Security disability evaluation.' " *Milner v. Barnhart*, 275 F. App'x 947, 948 (11th Cir. 2008) (per curiam); *see also* Social Security Ruling 96-6p (stating that the ALJ must treat the findings of State agency medical consultants as expert opinion evidence of non-examining sources).

The regulations governing claims filed on or after March 27, 2017, abandon the requirement that the ALJ must give "good reasons" for the weight given medical opinions and prior administrative medical findings. *See Nix v. Saul*, Case No. 4:20-cv-00790-RDP, 2021 WL 3089309, at * 6 (N.D. Ala. July 22, 2021). The regulations now direct the ALJ to evaluate the persuasiveness of each medical source using the following five factors: (1) supportability, (2) consistency, (3) length of relationship with the claimant, (4) specialization, and (5) other factors. 20 C.F.R. § 416.920c(c). The ALJ must explain in his

decision how he considered the factors of supportability[6] and consistency[7] in his determination of overall persuasiveness of each source. *Nix*, 2021 WL 3089309, at *6; 20 C.F.R. § 416.920c(b)(2) ("[S]upportability . . . and consistency . . . are [t]he most important factors we consider . . . [t]herefore, we will explain how we considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in your determination or decision."). The persuasiveness analysis should turn on whether "the medical source's opinion is (1) supported by the source's own records and (2) consistent with other evidence of record." *Podeszwa v. Kijakazi*, No. 3:21-CV-223-JTA, 2022 WL 4357434, at *7 (M.D. Ala. Sept. 20, 2022) (citation and internal quotation marks omitted). The ALJ is not required to explain how he considered the remaining factors unless he finds two or more medical opinions are equally well-supported and consistent with the record but are not exactly the same. *Gogel v. Comm'r Soc. Sec.*, No. 2:20-CV-366-MRM, 2021 WL 4261218, at *6 (M.D. Fla. Sept. 20, 2021).

In addition to assessing a claimant's medical evidence, an ALJ is responsible for determining a claimant's RFC. *Moore v. Soc. Sec. Admin., Comm'r*, 649 F. App'x 941, 945 (11th Cir. 2016) (citing 20 C.F.R. § 404.1546(c)). A claimant's RFC is an administrative finding as to the most the claimant can do despite his limitations and is based on all the

---

[6] "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 416.920c(c)(1).

[7] "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 416.920c(c)(2).

relevant medical and other evidence in the record. *Phillips*, 357 F.3d at 1238; 20 C.F.R. §

416.945. "Once the ALJ has determined the claimant's RFC, the claimant bears the burden

of demonstrating that the ALJ's decision is not supported by substantial evidence." *Talton*

*v. Kijakazi*, No. CV 20-00543-B, 2022 WL 822158, at *6 (S.D. Ala. Mar. 17, 2022) (citing

*Flynn v. Heckler*, 768 F.2d 1273, 1274 (11th Cir. 1985)). "Substantial evidence" is more

than a mere scintilla and is "such relevant evidence as a reasonable person would accept as

adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec. Admin.*, 363 F.3d

1155, 1158 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1346,1349 (11th Cir.

1997)). If the ALJ's determination of the claimant's RFC is supported by substantial

evidence, then the court cannot overturn the conclusion reached by the ALJ. *Shue v.*

*Comm'r of Soc. Sec.*, 817 F. App'x 906, 908 (11th Cir. 2020) (citing *Moore v. Barnhart*,

405 F.3d 1208, 1211 (11th Cir. 2005)); *see also* 42 U.S.C. § 405(g).

Here, the ALJ found Jones's psoriasis to be a severe impairment but determined

that it did not meet or medically equal the criteria of a listed impairment. (R. 26-27.) The

ALJ noted that Jones has "pustular psoriasis on his hands and feet." (R. 27.) The ALJ relied

on medical examinations in the record from 2018 through 2020, conveying Jones's "full

range of motion … normal coordination, and fine manipulation of [his] hands." (R. 27.)

The ALJ also noted that Jones has been able to "prepare a simple meal … fold clothes

twice a week for forty-five minutes, and drive a car." (R. 27.) The ALJ further noted that

Jones's wife did not indicate that he had any problems using his hands for handling,

fingering or feeling. (R. 37.) The ALJ also considered the opinion of Jones's dermatologist,

Dr. Herron, who in July 2019 observed Jones to have "normal coordination and fine motor

skills" in his hands. (R. 33, 730.) Further, the ALJ considered that, when suffering from

psoriasis in April 2020, Jones presented to Wetumpka Family Practice with a non-specific,

"almost pustular" rash on the palms of his hands, which had appeared in the last few days.

(R. 34.) Yet, during that examination, Jones was "alert, pleasant, smiling" and in no

apparent distress. (R. 685.) The ALJ found unpersuasive Dr. Herron's opinion that Jones's

psoriasis was severe and debilitating. (R. 39.)

    With respect to the state agency medical consultants' RFC finding, the ALJ found

the opinion of Dr. Reddy and Dr. Thomas G. Amason ("Dr. Amason") to be partially

persuasive. (R. 38.) Both consultants opined that Jones can lift 20 pounds occasionally and

10 pounds frequently, but the ALJ disagreed.  (R. 38.)  The ALJ determined that both

consultants "did not consider [Jones's] pain in his back, chest, hands and feet and their

combined effect upon his ability to lift weight." (R. 38.)

> Medical findings that show [Jones] to have limited range of motion of his
> spine, chest wall tenderness, and pustules on his hands and feet would limit
> his ability to lift no more than 10 pounds on an occasional basis. Dr. Amason
> indicates that [Jones] can stand and/or walk 6 hours, can frequently handle
> and finger with his bilateral hands, and does not need limitations in
> pushing/pulling. Yet, Dr. Amason did not adequately consider [Jones's] low
> back pain radiating into the right leg with weakness and pustules on his feet
> and their combined [e]ffect upon his ability to stand and/or walk for
> prolonged periods and to push/pull with his lower extremities. While Dr.
> Amason indicates that [Jones] can frequently handle and finger with his
> bilateral hands, [Jones's] treating dermatologist (Dr. Herron) observed him
> to have normal coordination and fine motor skills of his hands; thus, no
> manipulative limitations are necessary.

(R. 38-49.)

Contrary to Jones's assertion,[8] the ALJ was not required to incorporate limitations for his palmoplantar psoriasis merely because the ALJ found it to be a severe impairment. "Severe impairments do not necessarily result in specific functional limitations .... [and i]f no specific functional limitations from a severe impairment exist, the ALJ need not include a corresponding limitation for that impairment in the RFC." *Owens v. Colvin*, Case No. 3:15-cv-409-J-JBT, 2015 WL 12856780, at *2 (M.D. Fla. Oct. 15, 2015) (citing *Castel v. Comm'r of Soc. Sec.*, 355 F. App'x 260, 264 (11th Cir. 2009) (per curiam). *See Davis–Grimplin v. Comm'r, Soc. Sec. Admin.*, 556 F. App'x 858, 863 (11th Cir. 2014) (per curiam)); *Mancini v. Comm'r of Soc. Sec.,* No. 2:19-CV-798-JLB-NPM, 2021 WL 1087270, at *1 (M.D. Fla. Mar. 22, 2021) ("[T]he Court does not accept the proposition that a specific limitation must always be attributed to a "severe impairment."); *Summerhill v. Comm'r of Soc. Sec. Admin.*, Case No. 3:20-05055-CV-RK, 2021 WL 4432479, at *4 (W.D. Mo. Sept. 27, 2021) (citation omitted) (finding an ALJ did not err where the ALJ found the claimant had several impairments, but did not include any limitations related to those severe impairments in his RFC determination, because "[a]n ALJ is not required to

---

[8] Jones relies on *Raduc v. Comm'r of Soc. Sec.*, 380 F. App'x 896, 898-99 (11th Cir. 2010) to argue "[i]t is reversible error for an ALJ to fail to properly consider a severe impairment in the claimant's RFC at step four." (Doc. No. 14 at 10.) In *Raduc*, the Eleventh Circuit found that an ALJ erred by finding the claimant's IBS to be a severe impairment but failing to include limitations caused by the IBS in the RFC assessment and ignoring treating records for IBS. *Id.* at 898-99. However, that case does not require remand here. First, that case does not stand for the conclusion that an ALJ must include limitations in an RFC based on any particular severe impairment, as explained above. Second, unlike here, there was specific testimony and an opinion from a treating physician in *Raduc* that the claimant was limited by her IBS, all of which that ALJ ignored. *Id.* Here, although Dr. Herron opined that Jones's pustular psoriasis was severe and debilitating, the ALJ did not ignore Dr. Herron's opinion. Rather, the ALJ found Dr. Herron's opinion to be unpersuasive. (R. 39.) Hence, *Raduc* does not control this case.

list and reject every possible limitation"); *Fortner v. Astrue*, No. 4:12-CV-00986-RDP, 2013 WL 3816551, at *6 (N.D. Ala. July 22, 2013) (citation omitted) ("The ALJ may thus "incorporate" a claimant's severe impairments into an RFC by acknowledging and weighing those impairments in his report, without the impairments necessarily resulting in an imposition of impairment-specific work limitations in the RFC.").

Here, Jones has not met his burden of demonstrating that the ALJ's decision is not supported by substantial evidence. The ALJ properly explained the supportability and consistency of the medical opinions she considered in determining Jones's RFC. The ALJ's statement that "[i]n forming the [RFC], [she] has considered, among other things, [Jones's] alleged pain in his back, chest, hands and feet by reducing the amount of weight lifted[]" (R. 39), demonstrates that the ALJ sufficiently considered Jones's palmoplantar psoriasis, singly and in combination, with his other impairments in developing the RFC. Notably, Dr. Reddy determined that Jones "does not adhere to medical recommendations" relating to his palmoplantar psoriasis. (R. 102.) Further, the ALJ's decision indicates that she considered the medical evidence of record regarding Jones's palmoplantar psoriasis and that the psoriasis would go into remission.[9] Because the ALJ conducted a thorough review of the medical evidence and reached an RFC based on a detailed consideration of the record, the Court concludes that substantial evidence supports the ALJ's RFC finding. The Court finds no reversible error.

---

[9] The ALJ noted that Jones's skin was "normal with no rash" on March 20, 2020 (R. 32), and then a few weeks later he had an "almost pustular rash" on the soles of his feet and palms of his hands on April 6, 2020 (R. 34).

B.     The ALJ properly evaluated and adequately explained her reasoning for discrediting Jones's subjective statements.

Jones next challenges the ALJ's evaluation of his subjective back pain testimony.[10] (Doc. No. 14 at 14-15.) Jones contends the ALJ's finding—that his testimony is not entirely consistent with the medical and other evidence in the record—is not supported by substantial evidence. (*Id.* at 13.) Jones also contends the ALJ failed to articulate adequate reasons for discrediting his subjective back pain testimony. (*Id.* at 15.)

Social Security Ruling ("SSR") 16-3p "provides guidance about how [the Social Security Administration] evaluate[s] statements regarding the intensity, persistence, and limiting effects of symptoms in disability claims. . . ." Soc. Sec. Ruling 16-3p, 82 Fed. Reg. 49462-03, 2017 WL 5180304 (Oct. 25, 2017). The new ruling eliminates the use of the term "credibility" from the sub-regulatory policy and stresses that the ALJ "will not assess an individual's overall character or truthfulness" but instead will "focus on whether the evidence establishes a medically determinable impairment that could reasonably be expected to produce the individual's symptoms and given the [ALJ's] evaluation of the individual's symptoms, whether the intensity and persistence of the symptoms limit the individual's ability to perform work-related activities . . . ." *Id*. at 49463, 49467. "Whether before or after SSR 16–3p, an ALJ may choose to discredit a claimant's testimony about his or her symptoms." *Ring v. Berryhill*, 241 F. Supp. 3d 1235, 1252 (N.D. Ala. 2017),

---

[10] Because in his second argument Jones only references his back pain, the Court addresses his subjective symptoms while primarily focusing on his back pain.

*aff'd sub nom. Ring v. Soc. Sec. Admin., Comm'r*, 728 F. App'x 966 (11th Cir. 2018) (per curiam).

When evaluating a claimant's symptoms, a two-step process must be used. *Contreras-Zambrano v. Soc. Sec. Admin., Comm'r*, 724 F. App'x 700, 703 (11th Cir. 2018) (per curiam) (citing SSR 16-3p, 82 Fed. Reg. 49462-03 at 49463). At step one, the ALJ must determine whether the claimant has a medically determinable impairment that could reasonably be expected to produce the alleged symptoms. SSR 16-3p, 82 Fed. Reg. 49462-03 at 49463-64. At step two, the ALJ must evaluate the intensity and persistence of the symptoms and determine the extent to which they limit the claimant's ability to perform work-related activities. *Id.* at 49464-66. In doing so, the ALJ must examine the entire case record, including the objective medical evidence; the claimant's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the case record. *Id.* at 49464.

The ALJ also must consider the factors set forth in 20 C.F.R. § 404.1529(c)(3), including (1) daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) any precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of the claimant's medication; (5) any treatment other than medication; (6) any measures the claimant used to relieve his pain or symptoms other than

treatment; and (7) any other factors concerning the claimant's functional limitations and restrictions due to his pain or symptoms. *Id*. at 49465-66; *see* 20 C.F.R. § 404.1529(c)(3).[11]

The ALJ then must examine the claimant's statements about the intensity, persistence, and limiting effects of symptoms in relation to all other evidence and consider whether they are consistent with the record as a whole. *Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1308 (11th Cir. 2018) (per curiam) (citing SSR 16-3p, 81 Fed. Reg. 14166, 14170 (Mar. 16, 2016)); *see also* 20 C.F.R. § 404.1529(c)(4).

Further, credibility determinations are committed to the ALJ. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014); *Ybarra v. Comm'r of Soc. Sec. Admin.*, 658 F. App'x 538, 540 (11th Cir. 2016). Courts will not disturb an ALJ's findings

---

[11] In *Holt v. Sullivan*, 921 F.2d 1221 (11th Cir. 1991), the Eleventh Circuit "articulated the 'pain standard,' which applies when a disability claimant attempts to establish a disability through his own testimony of pain or other subjective symptoms." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam). "The pain standard requires '(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.' " *Id*. (quoting *Holt*, 921 F.2d at 1223). If the ALJ discredits a claimant's subjective testimony, she "must articulate explicit and adequate reasons for doing so or the record must be obvious" as to the finding. *Strickland v. Comm'r of Soc. Sec.*, 516 F. App'x 829, 832 (11th Cir. 2013) (per curiam) (citing *Foote v. Chater*, 67 F.3d 1553, 1561-62 (11th Cir. 1995)). Failure to articulate the reasons for discrediting testimony related to pain or other subjective symptoms requires, as a matter of law, that the testimony be accepted as true. *Holt*, 921 F.2d at 1223. However, on the other hand, when the ALJ's reasons for discrediting a claimant's statements about pain or other symptoms are clearly articulated and supported by substantial evidence in the record, a reviewing court will not disturb the ALJ's findings. *Foote*, 67 F.3d at 1562.

Notably, "SSR 16-3p provides clarification of the subjective pain standard; it does not substantively change the standard" or "the factors that an ALJ should consider when examining subjective pain testimony." *Harris v. Berryhill*, Case No.: 5:16-CV-01050-MHH, 2017 WL 4222611, at *3 n.2 (N.D. Ala. Sept. 22, 2017) (internal citation omitted); *see also Griffin v. Berryhill*, No. 4:15-cv-0974-JEO, 2017 WL 1164889, at *6 n.10 (N.D. Ala. March 29, 2017) ("The Eleventh Circuit's pain standard is consistent with the parameters that SSR 16-3p sets forth.").

where the credibility finding is clearly stated and indicates specific reasons for discounting a claimant's subjective complaints of disabling pain. *Mitchell*, 771 F.3d at 782.

Here, in making the RFC finding, the ALJ stated that she considered all of Jones's "symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSR 16-3p." (R. 27.) The ALJ also stated that she considered the "medical opinion(s) and prior administrative finding(s) in accordance with the requirements of 20 CFR 404.1520c." (R. 27.) The ALJ then described the two-step process required by SSR 16-3p and detailed Jones's testimony at the administrative hearing. (R. 28-29.) Thereafter, The ALJ concluded:

> After careful consideration of the evidence, the undersigned finds that [Jones's] medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Jones's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

(R. 29.)

The Court finds substantial evidence supports the ALJ's decision that Jones's subjective statements about his limitations from his back pain were not entirely consistent with the medical and other evidence in the record. Jones claimed at his hearing that he loses his balance and uses a crutch to get around, that he is unable to sit for long periods of time, and that he is forgetful to a detrimental extent. (R. 49-70.) There is no supporting evidence in the medical record that establishes he presented at any medical appointment requiring the use of an assistive device or that he suffers from forgetfulness to a detrimental extent.

(R. 426-767.) Jones's wife also indicated that he does not use any assistive devices. (R. 228.) Jones testified that he can comfortably lift 10 pounds, before and after his back surgery. (R. 60-61.) Jones and his wife both indicated that Jones sits for most of the day. (R. 57, 226.) The ALJ also noted that on several medical visits, doctors' notes reflected an alert, well oriented, cognitive patient with normal concentration and attention span, thus bringing into question Jones's testimony regarding forgetfulness. (R. 474, 477, 480, 482, 517, 745.)

Jones argues the ALJ failed to provide adequate reasons for rejecting his testimony. (Doc. No. 14 at 15.) The Court disagrees. The ALJ explicitly stated that Jones's "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not entirely consistent with the medical evidence and other evidence in the record. . . ." (R. 29.) The ALJ then extensively summarizes the medical evidence, addressing Jones's back pain, psoriasis, hypertension, and obesity. (R. 29-38.) The ALJ's summary relative to Jones's argument here includes that Jones complained of back pain prior to the alleged onset date; that Jones's doctors have noted his alert, smiling, pleasant demeanor with no acute distress on many occasions throughout the relevant period; that Jones has visited his doctors substantially less frequently following his minimally invasive discectomy procedure; and that Jones's pain level is well managed by oral medication. (*Id.*)

Further, contrary to Jones's assertion, the ALJ credited his testimony when she rejected the opinions of the agency consultants as to the amount of weight lifted by Jones. Drs. Amason and Reddy opined that Jones could lift 20 pounds occasionally and 10 pounds frequently. (R. 38.) However, the ALJ found instead that Jones's back, chest, hands, and

feet pain require a lower threshold of activity. (R. 39.) The ALJ, after considering Jones's testimony and the medical findings, determined that Jones was limited to lifting 10 pounds on an occasional basis, which is directly consistent with his testimony. (R. 38.)

The Commissioner argues that the ALJ provided an adequate explanation for her rejection of Jones's claims when she extensively summarized the medical records that repeatedly documented Jones's lack of distress or acute pain. The Commissioner is correct. An ALJ adequately explains her reasons for discrediting the claimant's testimony when she explains that the claimant's testimony is not fully supported by the medical evidence. *Herron v. Soc. Sec. Admin., Comm'r*, 649 F. App'x 781, 786 (11th Cir. 2016) (finding that the ALJ adequately explains her reasoning for discrediting the claimant's testimony when that testimony is not fully supported by the medical evidence, when the ALJ fully reviews and summarizes the claimant's medical history, and when the claimant's treating physician noted that the claimant's chronic low back pain was controlled by medication, and that claimant's pain and range of motion was relatively normal). The ALJ here based her decision on inconsistencies between Jones's testimony and the entire body of evidence within the medical record.

"The question is not . . . whether [the] ALJ could have reasonably credited [Jones's] testimony, but whether the ALJ was clearly wrong to discredit it." *Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 939 (11th Cir. 2011). On the record here, the ALJ's reasons for discrediting Jones's subjective complaints of pain are supported by substantial evidence and adequately explained.  Accordingly, the Court finds no reversible error.

## VI.   CONCLUSION

After review of the administrative record, and considering all of the arguments, the Court finds the Commissioner's decision to deny Jones disability is supported by substantial evidence and is in accordance with applicable law. Hence, it is hereby

ORDERED as follows:

1.  The claimant's motion for summary judgment (Doc. No. 14) is DENIED.

2.  The Commissioner's motion for summary judgment (Doc. No. 15) is GRANTED.

3.  The decision of the Commissioner is AFFIRMED.

A separate judgment will be issued.

DONE this 21st day of March, 2023.

*Jerusha T. Adams*

JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE